ANDERSON, J.,
delivered the opinion of the court.
On the 18th of December, 1862, G. P. Hale, the appellee, sold to John Walsh, the appellant, two hundred *and sixty-five acres of land, more or less, for the consideration of $3,250, of which $2,000 were paid down, and a bond given for $1,250, the balance. By a survey made since the purchase, it has been ascertained that there are only one hundred and ninety-nine acres, showing a deficiency of sixty-six acres, and that of the one hundred and ninety-nine acres, there was a better outstanding title in one Vaughan for twenty-seven acres. It is conceded that the appellant is entitled to an abatement from the price for the value of the twenty-seven acres; but for the deficiency the appellee insists that it was not a sale by the acre, but in gross, and that the purchaser is not entitled to an abatement.
In Blessing’s adm’ors v. Beatty, 1 Rob. R. 287, 302, it was said by Baldwin, J. that “the question of compensation usually arises, not in sales by the acre, but in sales for a gross sum.” And Eord Chancellor Sugden lays it down as a general rule, where the land is neither bought nor sold professedly by the acre, and a misrepresentation is made as to the quantity, though innocently, “that it is the right of the purchaser to have what the vendor can give, with an abatement for so much as the quantity falls short.” And it seems now to be settled that the purchaser, if the quantity be considerably less than was stated, will be entitled to an abatement, although the agreement contain the words “more or less.” 1 Sug. Vend., top, p. 489 to 494, bott. 324-5; Blessing’s adm’ors v. Beatty, supra.
In Portman v. Mill, 2 Russ. R. 370, cited by the same eminent jurist, the lands were described as containing three hundred and forty-nine acres, “or thereabout, be the same more or less;” and although- it was expressly stipulated in the contract that the parties should not be responsible for any excess or deficiency in quantity, *but that the premises should be taken by the purchaser at the quantity, more or less — the actual number of acres was less by one hundred — Eord Eldon said, “that as to this stipulation he never could agree that such a clause (if there was nothing else in the case) would cover so large a deficiency in the number of acres. ” This subject was considered in a case decided at this term, Hendricks v. Gillespie, and the rulings of the court in Blessing’s adm’ors v. Beatty approved.
There is nothing upon the face of the contract in this case which indicates an intention to make a contract of hazard. It is in fact a sale of two hundred and sixty-five acres of land, for, it is true, a sum in gross. The land is described as the tract known as “Knob Pork;” and reference is made to the deed of Samuel J. Bourn to the appellee for its boundaries. But whilst the land is so described, it is a sale of two hundred and sixty-five acres. It is true, it is added, ‘ ‘more or less. ’ ’ But such language is understood to apply only to small deficiencies or excesses, attributable to variation of instruments and the like, as it has been repeatedly judicially construed. When used, it rather repels the idea of a contract of hazard, and implies that there is no considerable difference in quantity, either in excess or deficiency, from that which is stated, and that the purchaser gets substantially the quantity of land he contracts for. In this case the parties evidently believed the one, that he was selling, and the other, that he was buying, two hundred and sixty-five acres, but that if there should be a small deficiency or excess of that quantity, it should not affect or vary their contract. But that there was so great a deficiency, as was afterwards shown to be, was not contemplated by either of them. There was nothing to suggest such a thought. The deed from Bourn to the *appellee, represented it to be two hundred and sixty-five acres. Both parties believed it to be as represented, and never thought of hazarding anything as to quantity. Both parties were innocently mistaken. But the *393 quantity as represented evidently influenced the price. It is clearly a case for compensation.
As to the measure of compensation. I*or the deficiency of sixty-six acres, there can be no other measure of compensation than the average or pro rata price agreed to be paid for the whole. But for the twenty-seven acres which was sold to the appellant, and which had been recovered by Vaughan by a better adversary title, having lost it, he is entitled to its value, whether it be of greater or less value than the average value of his purchase. He has lost an identical part of the land he purchased, and he is entitled by his contract to have it restored to him, or to receive its value as a compensation. The evidence with regard to its value is conflicting. The court is of opinion, from a view of the whole case, that it is not of greater value than the average price agreed to be paid for the whole, and that such average price will be a fair compensation to the appellant for its loss. It is therefore unnecessary that any discrimination should be made between the rate of compensation allowed for the loss of the twenty-seven acres and for the deficiency of sixty-six acres.
The court is therefore of opinion that the appellant is entitled to an abatement for ninety-three acres, at the average price which he agreed to pay for two hundred and sixty-five acres, which, together with the cash payment made of $2,000, subtracted from $3,250, the whole price, will leave the balance due from him in Confederate money as of the 18th of December 1862; the scaled value only of which is due from him to the appellee. And as the balance is very inconsiderable, *and the evidence as to the value of the land is conflicting, it should be scaled according to the gold value of Confederate currency, as of the date of the contract; and further, that the injunction to the judgment which the appellee obtained against the appellant, of which he complains, except as to such balance, should be perpetuated; and that upon the payment by the appellant of such balance the appellee should be required to make him a deed with general warranty by metes and bounds, for the lands as shown by the surveys made in this cause, containing one hundred and seventy-two acres. The court is of opinion, therefore, to reverse the decree, with costs, and to enter such decree as should have been made by the Circuit court.
Decree reversed.

See 2 Min.Inst. [4th Ed.] 703.